IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REGINALD COE<br>　*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 5:22-cv-00438 |
| EVEREST NATIONAL INSURANCE COMPANY | §<br>§<br>§<br>§ | |
| 　*Defendant.* | § | |

**DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

Defendant Everest National Insurance Company ("Everest"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removes to this Court the civil action now pending in the 81st Judicial District Court in Karnes County, Texas, *Reginald Coe v. Everest National Insurance Company*, Cause No. 22-03-00035-CVK, on the following grounds:

**FACTUAL BACKGROUND**

1.　Plaintiff is Reginald Coe. (Ex. A-1).

2.　Defendant is Everest National Insurance Company. (Ex. A-1).

3.　On March 15, 2022, Plaintiff sued Defendant for what appears to be allegations of breach of contract and negligence in the 81st Judicial District Court in Karnes County, Texas, *Reginald Coe v. Everest National Insurance Company*, Cause No. 22-03-00035-CVK. (Ex. A-1).

4.　On April 29, 2022, Defendant answered in state court and denied Plaintiff's allegations. (Ex. A-2).

5.　Plaintiff attempted to serve Everest with citation of the state court lawsuit, but service was defective. The term "service of process" is defined by state law; therefore, Texas law determines whether Everest was properly served. *See City of Clarksdale v. BellSouth Telecomms.,*

*Inc.*, 428 F.3d 206, 210 (5th Cir. 2010). "[T]he party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980), *cert denied*, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981). "[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Coleman v. Wells Fargo Bank, Nat'l Ass'n*, No. A-16-CV-404-LY-ML, 2016 WL 11584779, at *3 (W.D. Tex. Aug. 11, 2016), report and recommendation adopted, No. 1:16-CV-404-LY, 2016 WL 11584827 (W.D. Tex. Sept. 23, 2016) (quoting) *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1980) (per curiam).

6.  The return of service on file with the state court does not comply with the requirements of the Texas Rules of Civil Procedure. Specifically, but without limitation, the return does not show that a president, vice-president or registered agent was served. *See* TEX. R. CIV. P. 107; TEX. BUS. ORGS. CODE ANN. § 5.255. Additionally, the return of service does not demonstrate that the individual who claims to have served the citation was authorized by the Supreme Court of Texas to do so. *See* TEX. R. CIV. P. 103, 107(b)(10) (requiring authorized process server to provide "his or her identification number and the expiration date of his or her certification" on the return of service). Because the return of service is deficient, there is no evidence that Everest was properly served with process on March 29, 2022.

7.  Federal courts in Texas have held that §1446(b)'s thirty-day removal period for a defendant who has not been formally or properly served commenced to run on the date on which the defendant filed an answer in state court. *Esquivel v. LA Carrier*, No. EP-21-CV-00282-DCG-1, 2022 WL 36000, at *4 (W.D. Tex. Jan. 4, 2022); *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-

632-XR, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A. H-10-3828, 2010 WL 5173004, at *3–4 (S.D. Tex. Dec. 14, 2010).

8. Because service was defective, Everest's 30-day removal deadline began to run on April 29, 2022, and Everest files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).[1]

### BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A. The requirements for diversity removal jurisdiction.**

9. To establish diversity removal jurisdiction, Everest must show that: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) removal is timely.

**B. Everest satisfies all three requirements for diversity removal.**

**1. Complete diversity exists between Plaintiff and Everest.**

10. Plaintiff is a Texas resident residing in Bexar County. (*See* Ex. A-1).

11. Everest is organized under the laws of Delaware and maintains its principal place of business in the State of New Jersey. (*See* Ex. B ¶ 4).

12. Because Plaintiff is a Texas resident and Everest is a resident of Delaware and New Jersey, complete diversity exists.

**2. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

13. Plaintiff alleges in his petition that his damages exceed $1,000,000. (Ex. A-1 at 10). It is evident that Plaintiff seeks an amount in excess of $75,000.00, excluding interest and costs.

---

[1] Despite the deficient service of process, Everest became aware of the existence of the lawsuit on April 5, 2022. (Ex. B) Although not controlling because of the defective service, this notice of removal is filed within 30 days of April 5, 2022.

As such, the statutory requirement for the amount in controversy is satisfied. *See* 28 U.S.C. § 1332(a).

### 3. The Notice of Removal is timely under 28 U.S.C. § 1332

14. As noted above, this Notice of Removal is being filed within 30 days of the date on which Everest answered Plaintiff's petition after defective service, and the Notice of Removal has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## DEFENDANTS HAVE SATISFIED PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

15. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 1441, and 1446 because there is diversity of citizenship between parties, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the removal is timely filed.

16. As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 81st District Court of Karnes County, Texas are attached collectively as Exhibit A. (*See* Ex. A)

17. Karnes County, Texas is located within the Western District of Texas, San Antonio Division. Venue for this action is proper in this Court because the Western District of Texas, San Antonio Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

18. Immediately upon filing this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

19. Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice of Removal with the Karnes County District Clerk's office as required by 28 U.S.C. § 1446(d).

20. This Notice is signed by Defendant's counsel pursuant to FED. R. CIV. P. 11, as indicated by the "/s/ Andrew C. Nelson" on the signature block below.

21. Everest consents to removal of this case to federal court.

## JURY DEMAND

22. Plaintiff demanded a jury in the state court action, and Everest joined in that demand.

## CONCLUSION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant Everest National Insurance Company gives notice that the matter bearing No. 22-03-00035-CVK in the 81st Judicial District Court in Karnes County, Texas is removed to the United States District Court for the Western District of Texas, San Antonio Division. Defendants request that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

*/s/ Andrew C. Nelson*
Andrew C. Nelson
State Bar No. 24074801
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
nelson@wrightclosebarger.com
**ATTORNEY FOR DEFENDANT**

OF COUNSEL:
Ronnie L. Flack, Jr.
State Bar No. 24095655
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
flack@wrightclosebarger.com

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2022, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service or facsimile:

*/s/ Andrew C. Nelson*
Andrew C. Nelson